UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN B. MITCHELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLOUNT COUNTY DETENTION<br>FACILITY and SHERIFF BERRONG,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　　No.　3:21-CV-139-CEA-HBG<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

Plaintiff, a prisoner in the Blount County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of various incidents in and conditions of his confinement [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**, and this action will proceed as to Plaintiff's claim that a custom or policy of Blount County has interfered with his ability to send mail in violation of his First Amendment rights.

### I.　　FILING FEE

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* that he is unable to pay the filing fee, this motion [Doc. 2] will be **GRANTED**.

Because Plaintiff is an inmate of the Blount County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.   COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Formulaic and conclusory recitations of elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.  Analysis**

Plaintiff has sued the Blount County Detention Facility and Sheriff Berrong [Doc. 1 p. 1]. But the Blount County Detention Facility is not a "person" under § 1983 and therefore is not an entity subject to suit under this statute. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). However, Blount County is a "person" subject to suit under § 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), and is the municipality responsible for this facility. As such, the Court liberally construes Plaintiff's claims against the Blount County Detention Facility as against Blount County, and the Clerk will be **DIRECTED** to substitute Blount County as a Defendant in the place of the Blount County Detention Facility. Thus, the Court must determine whether the complaint adequately alleges that a custom or policy of Blount County caused any violation of Plaintiff's constitutional rights, and therefore states a claim against this Defendant upon which relief may be granted under § 1983. *Id.* at 690–91 (holding that a governmental entity may be liable under § 1983 only where its custom or policy causes a constitutional rights violation).

Further, to state a claim upon which relief may be granted under § 1983 against Defendant Sheriff Berrong, Plaintiff's allegations must contain facts from which the Court can plausibly infer that this Defendant was personally involved in or responsible for the incidents or conditions of confinement that Plaintiff seeks to challenge. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (providing that "[a]t a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers" for a supervisory jail official to be liable under § 1983).

Accordingly, the Court will now analyze each of Plaintiff's claims to determine whether he has adequately alleged that Blount County and/or Defendant Sheriff Berrong is liable for the incident or condition of confinement set forth therein under § 1983. Plaintiff listed his claims by number [*Id.* at 4–6], and the Court will analyze each numbered claim as Plaintiff presented it.

First, in Claim 1, Plaintiff alleges that unnamed individuals in the jail do not allow him to have reading glasses because those glasses do not require a prescription, and this means he cannot read unspecified paperwork and fight his case [*Id.* at 3]. However, Plaintiff does not provide any facts that allow the Court to plausibly infer that Defendant Sheriff Berrong or any Blount County custom or policy, rather than the decision of a medical provider, is responsible for his inability to obtain reading glasses. Nor has Plaintiff set forth facts from which the Court can plausibly infer that he cannot see an eye doctor to obtain a prescription for glasses if he needs them. Further, Plaintiff's allegation that he cannot "fight his case" without reading glasses does not allow the

4

Court to plausibly infer any denial of his right to access the courts. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to the courts to state a claim for denial of access to courts); *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (providing that once a prisoner has appointed counsel, the state has fulfilled its constitutional obligation to provide full access to courts). Thus, this claim fails to allege a constitutional violation on the part of Defendant Sherriff Berrong or Blount County.

In Claim 2, Plaintiff asserts that prisoners do not receive two-thousand calories per day [*Id.* at 4]. However, this allegation does not allow the Court to plausibly infer that Plaintiff does not receive adequate nutrition to maintain good health. *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated). As such, it fails to state a claim upon which relief may be granted under § 1983.

In Claim 3, Plaintiff alleges that the lights in the jail are never off for eight hours, and usually are not off for six hours [*Id.*]. However, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Accordingly, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Thus, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" violates a prisoner's rights under the Eighth Amendment. [*Id.* at 8–9] (citations and quotations omitted). In examining such claims, the court must determine whether the risk of which

the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347. Plaintiff's allegation that lights in the jail are usually not off for eight hours, and sometimes are not off for six hours, does not allege an extreme deprivation of a basic human necessity or a condition causing him a grave risk, and therefore does not allege a violation of his constitutional rights.

Also, in Claims 4, 6, and 7, Plaintiff claims that the jail houses three to four prisoners in two-person cells, even though prisoners should have five to seven square feet of movable space, and that sixteen prisoners must share a toilet, a shower, and a sink pen, which he states is overcrowding during a pandemic [*Id.*]. However, Plaintiff does not allege any facts from which the Court could plausibly infer that these housing arrangements subject him to a grave risk that society would not tolerate, and thus these allegations fail to state a claim upon which relief may be granted under § 1983. *Helling,* 509 U.S. at 36.

In Claim 5, Plaintiff alleges that the jail food provider serves food to the quarantine pods first and does not change his gloves or mask before serving other pods, which Plaintiff alleges puts him at risk for COVID [*Id.*]. In Claim 9, he states that floors are not cleaned after meals or daily, resulting in trash being left on the floor, which he alleges increases his chance of getting COVID [*Id.*]. However, Plaintiff does not set forth any facts from which the Court can plausibly infer that these incidents or conditions create a grave risk to him, that a custom or policy of Blount County caused these incidents or conditions, or that Defendant Sheriff Berrong is aware of, responsible for, or involved in these incidents or conditions. Thus, these allegations fail to state a claim upon which relief may be granted under § 1983 as to Blount County or Defendant Sheriff Berrong.

In Claim 8, Plaintiff claims that the jail vents have mold and mildew, which Plaintiff therefore breathes, and that this results in him having sporadic headaches and coughing [*Id.*]. However, Plaintiff does not state how he knows that the jail vents have mold and mildew or set forth any basis for his assumption that the mold and mildew are causing him sporadic headaches and coughing. But even if the Court assumes that they are, nothing in the complaint allows the Court to plausibly infer that a custom or policy of Blount County caused the condition of the vents, or that Defendant Sheriff Berrong is disregarding this condition. As such, these allegations fail to state a claim upon which relief may be granted under § 1983.

In Claim 10, Plaintiff alleges that jail mail does not go out until two or three in the morning [*Id.*]. However, Plaintiff does not set forth any facts from which the Court could find that this practice violates his constitutional rights, and thus this allegation fails to state a claim upon which relief may be granted under § 1983.

In Claims 11 and 17, Plaintiff generally indicates that his other listed claims amount to cruel and unusual punishment and civil rights violations but presents no specific claims or allegations [*Id.* at 4, 5]. Thus, these conclusory statements fail to state a claim upon which relief may be granted under § 1983.

In Claim 12, Plaintiff states that he cannot call his lawyer on an unrecorded phone line [*Id.* at 4]. But prisoners have "no right to unlimited telephone use." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994). Rather, "a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution. The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Id.* Moreover, the Sixth Circuit has cautioned that district courts should not interfere with administration of jails except in the most

7

compelling situations. *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration). Plaintiff has not set forth any facts to support a finding that this is a compelling situation requiring the Court to interfere in jail administration. Thus, this claim will not proceed herein.

In Claim 13, Plaintiff alleges that because thirty people share a kiosk, he does not get enough time to research his case [*Id.* at 5]. However, Plaintiff does not allege that this has prejudiced any meritorious case of his, and thus this allegation fails to state a claim upon which relief may be granted under § 1983. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

In Claim 14, Plaintiff alleges that he cannot "visit in privacy" [*Id.*]. However, "inmates have no absolute constitutional right to visitation. . .. Limitations upon visitation may be imposed if they are necessary to meet penological objectives such as . . . rehabilitation and the maintenance of security and order." *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984) (internal citations omitted). It is unclear exactly what Plaintiff means by stating that he cannot "visit in privacy," but the security risks inherent in allowing prisoners to meet with visitors without guards within a reasonable distance are obvious, and Plaintiff does not set forth any facts from which the Court can plausibly infer that his inability to have private visitation violates his constitutional rights. Thus, this claim will not proceed.

In Claim 15, Plaintiff alleges that an unnamed jail official "denied" him his religion, saying it was absurd [*Id.*]. As a prisoner, Plaintiff retains his First Amendment rights that "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system," including the right to free exercise of religion. *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Barhite v. Caruso*, 377 Fed. App'x 508, 510 (6th Cir. 2010). In evaluating

whether a prisoner complaint states a claim for violation his right to free exercise of religion, the district court must first determine if the prisoner has shown that his religious beliefs are sincerely held and may only reach the issue of whether a restriction is valid where the plaintiff does so. *Barhite*, 377 Fed. App'x at 510. Where a prison regulation "place[s] a substantial burden on the observation of a central religious belief or practice," it is valid only if "a compelling government interest justifies the burden." *Hernandez v. C.I.R.,* 490 U.S. 680, 699 (1989). Prisoners also have the right to freely exercise their religion under the Religious Land Use and Institutionalized Persons Act, which provides that the government cannot substantially burden a prisoner's exercise of his religion without a "'compelling government interest'" and, even then, must do so in a manner that furthers the government's interest through the "'least restrictive means.'" *Barhite*, 377 Fed. App'x at 511 (quoting 42 U.S.C. § 2000cc(1)–(2)). Plaintiff has not pled any facts from which the Court can plausibly infer that his religious beliefs are sincerely held, or that any act of Sheriff Berrong or any custom or policy of Blount County has substantially burdened any of his religious practices. Thus, this allegation fails to state a claim upon which relief may be granted under § 1983.

In Claim 16, Plaintiff states that he is forced to drink fluoride water, as the jail does not provide or sell bottled water [*Id.*]. However, these allegations do not allow the Court to plausibly infer that Plaintiff is subjected to an extreme deprivation of a basic human necessity or a grave risk that society would not tolerate, and thus fail to state a claim upon which relief may be granted under § 1983. *Hudson*, 503 U.S. at 9; *Helling,* 509 U.S. at 36.

In Claim 19, Plaintiff alleges that the jail showers have video surveillance [*Id.*]. However, while Plaintiff does have a right to privacy under the Fourth Amendment, he does not allege that females are watching the male shower surveillance. As such, he has not adequately alleged a

9

constitutional violation. *Boyer v. Daviess Cty. Det. Ctr.*, No. 4:19-CV-P77-JHM, 2019 WL 5225459, at *3 (W.D. Ky. Oct. 16, 2019) (finding that a prisoner's allegation that males had to shower in view of each other failed to state a claim upon which relief may be granted under § 1983); *Smith v. Long*, No. 3:18-CV-00061, 2018 WL 3831394, at *4–5 (M.D. Tenn. Aug. 13, 2018) (finding that a prisoner's allegation that the jail had cameras in bathroom stalls failed to rise to the level of a constitutional violation because the plaintiff did not allege that females viewed the footage) (collecting cases). Thus, this claim will not proceed.

In Claim 22, Plaintiff alleges that his jail food is cold because the jail does not use food warmers, thereby allowing the food to grow bacteria [*Id.*]. However, cold food is not a violation of Plaintiff's constitutional rights, and he provides no support for his speculative allegation that his food may grow bacteria before it is served to him due to a lack of food warmers. *Prophete v. Gilless*, 869 F. Supp. 537, 538–39 (W.D. Tenn. 1994) (providing that "[c]old food does not pose [] a danger, and thus does not constitute the deprivation of a necessity of life" and that the "plaintiff's speculation that the food runs the risk of being contaminated with bacteria between the kitchen and cells" was "factually delusional").

In Claim 23, Plaintiff alleges that a jail official discriminated against him on the basis of race "by signing a white male[']s paperwork and not signing [Plaintiff's paperwork]" [*Id.* at 6]. However, Plaintiff has not set forth any facts from which the Court can plausibly infer that the white inmate whose paperwork was signed when his was not was similarly situated to him in all relevant ways, as required to state a claim for violation of the Equal Protection Clause. *Nali v. Ekman,* 355 Fed. App'x 909, 913 (6th Cir. 2009) (stating that a complaint's allegation of race discrimination regarding discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an equal protection claim).

In Claims 18, 20, and 21, Plaintiff alleges that he (1) does not receive proper postage for legal mail, or extra postage; (2) cannot send legal papers; and (3) cannot have family members or his lawyer pick up his legal papers to mail them [*Id.* at 5]. Also, in Claim 24, Plaintiff alleges that an unidentified jail official refused to mail his legal paperwork and made false statements [*Id.* at 6]. To the extent that Plaintiff alleges that these incidents have violated his right to access the courts, these allegations fail to state such a claim. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983). However, Plaintiff also "has a First Amendment right to send mail," and any "restriction on this right is valid 'only if it is reasonably related to legitimate penological interests.'" *Rodgers v. Hawley*, 14 F. App'x 403, 408 (6th Cir. 2001) (citing *Hudson v. Palmer*, 468 U.S. 517, 547 (1984)) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Taken together and liberally construed in Plaintiff's favor, Plaintiff's allegations in these claims allow the Court to plausibly infer that a custom or policy of Blount County has interfered with Plaintiff's First Amendment right to send mail, and the Court cannot determine whether this interference was reasonable based on Plaintiff's complaint. Accordingly, this claim will proceed herein against Blount County.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

11

5. The Clerk is **DIRECTED** to substitute Blount County as a Defendant herein in the place of the Blount County Detention Facility;

6. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983, except as to Plaintiff's claim that a custom or policy of Blount County has interfered with his First Amendment right to send mail;

7. Accordingly, all other claims in the complaint and Defendant Sheriff Berrong are **DISMISSED**;

8. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Blount County;

9. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

10. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

11. Service on Defendant Blount County shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

12. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

13. Defendant Blount County shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Blount County fails to timely respond to the complaint, it may result in entry of judgment by default against it; and

14. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Blount County or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Charles E. Atchley Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**