# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| JOHN B. MITCHELL, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 3:21-cv-139 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| BLOUNT COUNTY, | ) | Magistrate Judge McCook |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that proceeded against Defendant Blount County only as to Plaintiff's claim that that a custom or policy of this Defendant interfered with his ability to send legal mail in violation of his First Amendment rights [Doc. 4 p. 3–12]. Now before the Court is Defendant Blount County's motion for summary judgment [Doc. 13], in support of which this Defendant filed a memorandum [Doc. 14], an affidavit of Jeff French with a sworn copy of the Blount County Detention Center's ("BCDF") mail policy [Doc. 14-1], and an affidavit of Keith Gregory with a sworn copy of Plaintiff's relevant grievance documents and the envelope docketed with Plaintiff's complaint [Doc. 14-2]. Plaintiff has not filed a response in opposition to this dispositive motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). Thus, Plaintiff waived any opposition to this motion. E.D. Tenn. LR 7.2. For the reasons set forth below, Defendant Blount County's motion for summary judgment [Doc. 13] will be **GRANTED**, and this action will be **DISMISSED**.

## I.     STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, such that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II.    PLAINTIFF'S EVIDENCE

As set forth above, this action is proceeding against Defendant Blount County only as to Plaintiff's claim that a custom or policy of this municipality interfered with his ability to send legal mail in violation of his First Amendment rights. The Court previously summarized Plaintiff's

2

allegations regarding this claim in his sworn complaint, which the Court treats as an affidavit for purposes of summary judgment, *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding that a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment), as follows:

> In Claims 18, 20, and 21, Plaintiff alleges that he (1) does not receive proper postage for legal mail, or extra postage; (2) cannot send legal papers; and (3) cannot have family members or his lawyer pick up his legal papers to mail them. Also, in Claim 24, Plaintiff alleges that an unidentified jail official refused to mail his legal paperwork and made false statements.

[*Id.* at 11 (citations omitted)]. In allowing this claim to proceed, the Court noted that, "[t]aken together and liberally construed in Plaintiff's favor, [these allegations] allow the Court to plausibly infer that a custom or policy of Blount County has interfered with Plaintiff's First Amendment right to send mail, and the Court cannot determine whether this interference was reasonable based on Plaintiff's complaint" [*Id.*].

## III.    DEFENDANT'S EVIDENCE

In support of its motion for summary judgment, Defendant Blount County filed an affidavit from Jeff French, the Chief Deputy for the Blount County Sheriff's Office, in which Mr. French testifies in relevant part that, at all relevant times, the Blount County Detention Facility ("BCDF") had a written mail policy that allowed inmates to send and receive legal mail to or from courts, attorneys of record, and public officials [Doc. 14-1 p. 2]. Mr. French further testifies that, at all relevant times, the BCDF's written mail policy provided that an inmate with less than five dollars in his account would receive postage for legal or official mail [*Id.*]. A sworn copy of the relevant BCDF legal mail policy attached to Mr. French's affidavit supports this testimony [*Id.* at 3–4].

Defendant Blount County also filed an affidavit from Blount County Jail Administrator Keith Gregory [Doc. 14-2] to support its motion for summary judgment. In this affidavit, Mr. Gregory states that on April 2, 2021, Plaintiff filed a grievance stating:

3

> YOU DO NOT SALE [sic] EXTRA POSTAGE OR ALLOW POSTAGE AND
> [ARE] REFUSING [TO ALLOW] MY PEOPLE TO PICK MY LEGAL MAIL UP
> SO I CAN HAVE IT MAILED IT IS 13 pages of legal work and you can only mail
> 4 to 6 pages per stamp the envelopes you sale [sic] are one stamp per envelope thus
> not enough postage.

[Doc 14-2 p. 2]. Mr. Gregory further states that David Wheeler responded to this grievance by stating "[t]his is not a violation of civil rights.  You have the ability to mail out legal material. It is not a violation because you do not agree with our procedures" [*Id.* at 2]. Plaintiff replied:

> FIRST.   THE WHITE ENVELOPE YOU OFFER IS NOT A LEGAL
> ENVELOPE.  SECOND.  A FOREVER STAMP WILL ONLY MAIL OUT 4 to 6
> PIECES OF PAPER NOT 14 PAGES WHICH I HAVE REPEATEDLY TOLD
> YOU I NEED TO MAIL OUT.  ALSO THE FEDERAL COURT CLERK IS THE
> ONE WHO SAYS THAT FOR A 14 PAGE LEGAL DOCUMENT TO BE VALID
> MUST BE DELIVERED ON LEGAL ENVELOPES (MANI[]LA) THANK YOU
> FOR YOUR TIME BUT YOU VIOLATED MY RIGHTS IN MANY WAYS.

[*Id.* at 2–3]. And Mr. Gregory states a reply note to this response states "In Progress" [*Id.* at 3]. The grievance documents filed with this affidavit support Mr. Gregory's testimony [*Id.* at 5–7].

Mr. Gregory further testifies that the BCDF has no other records regarding this grievance, but Plaintiff's complaint in this action is postmarked as mailed on April 8, 2021 [*Id.* at 3 (citing Doc. 1 p. 8)]. He also states that BCDF records show Plaintiff received legal mail on various occasions during his incarceration and, in addition to sending his complaint to this Court on April 8, 2021, sent legal mail on two other occasions [*Id.*]. Also, according to Mr. Gregory, Plaintiff never requested free postage based on indigency, but the BCDF always allows inmates to send and receive legal mail based on its relevant legal mail policy as noted in Mr. French's affidavit [*Id.*].

## IV.    ANALYSIS

Defendant Blount County may only be liable under § 1983 for Plaintiff's alleged inability to send legal mail if its custom or policy was the moving force behind it.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). While the Court liberally construed Plaintiff's sworn complaint

4

in his favor to plausibly allege that a custom or policy of Defendant Blount County had prevented Plaintiff from being able to send certain legal mail, Plaintiff never expressly made such an allegation. Moreover, Defendant Blount County has come forward with sworn proof that its legal mail policies and customs would not have prevented Plaintiff from sending legal mail, and it is apparent from Defendant Blount County's sworn proof that the legal mail difficulty Plaintiff raised in the grievance he filed on April 2, 2021, was resolved, as Plaintiff filed his complaint in this action.[1] Further, and most notably, Plaintiff has not come forward with any proof from which a reasonable jury could find that any custom or policy of Defendant Blount County prevented him from sending legal mail in the manner he alleged in his complaint in response to Defendant Blount County's motion for summary judgment.

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Accordingly, Defendant Blount County is entitled to summary judgment.

## V. CONCLUSION

For the foregoing reasons, Defendant Blount County's motion for summary judgment [Doc. 13] will be **GRANTED** and this action will be **DISMISSED**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

---

[1]The Court specifically notes that the envelope that the Clerk docketed with Plaintiff's complaint [Doc. 1 p. 8] appears to have held both Plaintiff's *in forma pauperis* documents (which are three pages total) [Doc. 2] and his complaint (which is eight pages total) [Doc. 1], as this envelope has two forever stamps on it [Doc. 1 p. 8], the docket entry for Plaintiff's *in forma pauperis* documents does not include a separate envelope for that filing [Doc. 2], and the Clerk's normal practice is to include the envelope in which a document is filed in docketing pro se filings.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/  *Charles E. Atchley Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**